UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY SCHAFFER<br>c/o Tittle & Perlmuter<br>4106 Bridge Ave.<br>Cleveland, OH 44113<br><br>On behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>FIRELANDS REGIONAL<br>MEDICAL CENTER<br>1111 Hayes Avenue<br>Sandusky, Ohio 44870<br><br>     Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Kimberly Schaffer, through counsel, respectfully files this Class and Collective Action Complaint against Defendant Firelands Regional Medical Center.

## INTRODUCTION

1. This case challenges wage-and-hour practices of Defendant by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio overtime compensation statute, and Ohio's common law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of

herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Class Members").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Kimberly Schaffer was a citizen of the United States and of Ohio, and resided in this district.

8. Defendant Firelands Regional Medical Center ("FRMC") is an Ohio not-for-profit corporation doing business at multiple locations throughout Erie County, Ohio and the surrounding area, including Sandusky, Ohio, where Plaintiff was employed. According to records maintained by Ohio's Secretary of State, its statutory agent for service of process is Kevin Riley, c/o Legal Department 1111 Hayes Avenue, Sandusky, Ohio 44870.

## FACTUAL ALLEGATIONS

### Defendant's Business and Employment of Plaintiff, the Potential Opt-Ins and Class Members

9. During the relevant period, Defendant FRMC provided healthcare services at multiple facilities across the state.

10. Plaintiff Kimberly Schaffer worked for FRMC as a Behavioral Health Case Manager, also known as a Qualified Mental Health Specialist, from December 21, 2022 through June 16, 2023.

11. Ms. Schaffer was one of at least 30 Behavioral Health Case Managers working for FRMC at any given time.

12. Plaintiff, the Potential Opt-Ins, and the Class Members consist of all Behavioral Health Case Managers at FRMC working within the time period and applicable lookback period for each of Plaintiff's claims.

13. The primary job duty of Ms. Schaffer and her fellow Behavioral Health Case Managers at FRMC was to provide community-based services to patients with mental health and/or substance use disorders.

14. Those services primarily consisted of ongoing assessment of needs, skills to facilitate personal independence and daily living skills, coordination of the ITP including services identified within, linkage with natural support and formal community support service/systems, symptom monitoring, advocacy and outreach, interventions for symptom management, and activities to report recovery including integration with self-help programs.

15. The requisite job duties of Behavioral Health Case Managers at FRMC, including Ms. Schaffer, generally demanded a workweek which exceeded 40 hours.

**Defendant's Status as an "Employer" and Enterprise Under the FLSA**

16. Defendant FRMC was as an "employer" of Plaintiff, the Potential Opt-Ins, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

3

17. FRMC was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Class Members, hired, supervised, and terminated its Behavioral Health Case Managers, and set all timekeeping and compensation policies relevant to this case.

18. Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that its has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19. FRMC as an enterprise was engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

**Defendant's Misclassification of Behavioral Health Case Managers and Failure to Pay Overtime Premiums**

20. FRMC misclassified all Behavioral Health Case Managers, including Kimberly Schaffer and other similarly situated employees, as salaried exempt, meaning that Behavioral Health Case Managers were paid the same wage every pay period regardless of the number of hours worked.

21. FRMC did not pay an overtime premium to Behavioral Health Case Managers of one-and-one-half their regular rate of pay for hours worked over forty in a workweek.

22. The job duties and/or positional requirements of a Behavioral Health Case Manager at FRMC do not permit application of any overtime exemption under the FLSA.

23. Plaintiff, the Potential Opt-Ins, and the Class Members were not professionally exempt.

24. Plaintiff, the Potential Opt-Ins, and the Class Members were not administratively exempt.

25. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt executives.

26. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt computer employees.

27. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt outside salespeople.

28. As a result, the FLSA and Ohio law required Defendant to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members overtime compensation of at least one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117.

29. At Ohio Rev. Code § 4111.03, Ohio law expressly incorporates the overtime pay requirements of 29 U.S.C. § 207.

**<u>Willfulness of Defendant's Violations</u>**

30. Defendant knew, or recklessly disregarded, that its Behavioral Health Case Managers were entitled to overtime compensation under federal and state laws.

31. Publicly available literature from the Department of Labor, like Opinion Letter FLSA2007-7, informed employers like Defendant that "Case Managers… do not qualify for the administrative exemption under section 13(a)(1)." Similarly, Opinion Letter FLSA2006-20NA

informed Defendant that Case Managers were not exempt from overtime when their "primary duty is servicing up to 30 clients with developmental disabilities by assessing their skills, coordinating the development of individual service plans, teaching them the skills needed to live independently, advocating for their needs and preferences, identifying community resources for the needed services, and coordinating the delivery of these services."

32. As such, FRMC willfully circumvented and violated the requirements of the FLSA and Ohio law. FRMC knew or had full reason to know – with a modicum of investigation – that its Behavioral Health Case Managers were due time-and-a-half compensation for their overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

35. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of: All current and former Behavioral Health Case Managers who worked for Firelands Regional Medical Center and were classified as salaried exempt during the period three years preceding July 23, 2023.

36. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subjected to the identical unlawful wage-and-hours practices, all were injured by

those practices, and all have the same claims against Defendant for unpaid wages, liquidated damages, attorneys' fees, and costs.

37. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

38. Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of 100 or more persons. Such persons are readily identifiable through the records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a proposed Ohio Class, defined as: All current and former Behavioral Health Case Managers who worked for Firelands Regional Medical Center and were classified as salaried exempt during the period four years preceding July 23, 2023.

41. The Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of hundreds of persons. The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

42. There are questions of law or fact common to the Class, including but not limited to:

    a. Whether Defendant required Plaintiff and other Class Members to work over 40 hours in a workweek;

    b. Whether Defendant knew, or recklessly disregarded, that Behavioral Health Case Managers could not be legally classified as salaried exempt; and

    c. Whether Defendant accepted the benefit of Plaintiff and Class Members' unpaid work under circumstances where retaining that benefit without compensation would be inequitable.

43. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

44. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

45. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class Members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consents to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

49. The FLSA required Defendant to pay its Behavioral Health Case Managers overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

50. Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

51. In doing so, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

52. As a result of Defendant's violations of the FLSA's overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO

**(Unjust Enrichment)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. The employment of Plaintiff and the Class Members by Defendant was not created through written contract.

55. Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

56. Defendant knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation. Defendant intentionally designed their compensation structure so as to obtain that benefit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages; and

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

                                                s/ Scott D. Perlmuter  
                                                Scott D. Perlmutter (0082856)  
                                                Allen C. Tittle (0086590)  
                                                4106 Bridge Ave.  
                                                Cleveland, OH 44113  
                                                216-308-1522  
                                                Fax: 888-604-9299  
                                                scott@tittlelawfirm.com  
                                                tittle@tittlelawfirm.com  

                                                Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                s/ Scott D. Perlmuter  
                                                Scott D. Perlmutter (0082856)

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                s/Scott D. Perlmuter  
                                                Scott D. Perlmutter (0082856)