UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY SCHAFFER<br>On behalf of herself and all others similarly situated, | )<br>)<br>) | CASE NO. 3:23-cv-01415 |
| | ) | MAGISTRATE JUDGE DARRELL CLAY |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| | ) | **JOINT MOTION FOR APPROVAL** |
| FIRELANDS REGIONAL MEDICAL CENTER, | )<br>) | **OF COLLECTIVE ACTION SETTLEMENT** |
| | ) | |
| Defendant. | ) | |

Plaintiff Kimberly Schaffer and Defendant Firelands Regional Medical Center respectfully and jointly move the Court to approve the proposed settlement of FLSA claims. A proposed Approval Order is attached as Exhibit 1.

The terms of the proposed settlement are set forth in the parties' Settlement Agreement attached as Exhibit 2. The settlement will apply to Plaintiff Kimberly Schaffer and the Opt-In Plaintiffs who joined this case. The settlement will resolve bona fide disputes involving wages and overtime compensation under the FLSA. Plaintiff alleged that she and other similarly-situated employees were misclassified as salaried exempt and thus denied overtime compensation. Defendant denied those claims.

The parties are represented by experienced counsel. Extensive investigation was conducted on both sides and settlement negotiations were rigorous, including a full-day mediation session with the Court. The parties believe the resulting agreement appropriately balances the expenses, risks, and possible outcomes of protracted litigation on the merits. For the Plaintiffs and Opt-Ins, the settlement will eliminate the risk and delay of litigation and make substantial payments available to all persons believed to be entitled to them.

The following settlement documents and proposed order are submitted for review and entry by the Court:

Exhibit 1:   Proposed Final Order

Exhibit 2:   Settlement Agreement

Exhibit 3:   Declaration of Plaintiff's Counsel

Exhibit 4:   Table of Settlement Awards

The sections below explain the litigation, the negotiations, the settlement terms, the proposed settlement payments and distributions, and the propriety of approval.

I. **THE LITIGATION**

   A. **The Claims and Issues**

Plaintiff Schaffer, a former behavioral health case manager at Firelands Regional Medical Center ("Firelands"), filed a putative Class and Collective Action Complaint against Defendant (ECF #1) on July 23, 2023. Schaffer alleged that she and other similarly-situated behavioral health case managers at Firelands were misclassified as exempt from overtime and thus not paid one and one-half their regular rate of pay for all overtime hours. Defendant denied Plaintiff's claims, as set forth in its Answer filed on October 20, 2023 (ECF #6).

   B. **Stipulation for Court-Supervised Notice, Exchange of Records, and Mediation**

The parties promptly discussed stipulation for court-supervised notice to similarly-situated individuals and referral to mediation after exchange of sufficient discovery necessary for the parties to evaluate their respective settlement positions. On December 8, 2023, the parties submitted such a stipulation and proposed notice (ECF #10), which was approved by the Court.

Notice was distributed to behavioral health case managers having worked for Firelands at any time since July 23, 2020, and 12 additional Opt-In Plaintiffs joined the action.

The parties then jointly requested to a referral to mediation (ECF #13) and agreed to an exchange of the records necessary for the parties to evaluate Plaintiff's claims – specifically payroll data for Plaintiff and the Opt-Ins, work schedules for Plaintiff and the Opt-Ins, and electronic audit log data revealing activity in patient electronic medical records conducted by Plaintiff and the Opt-Ins. Those records enabled the parties to solidly estimate the value of the claims of Plaintiff and all Opt-Ins.

On November 5, 2024, the parties proceeded to mediation before Magistrate Judge Clay. After a full day of mediation, the parties agreed upon settlement of the case in the total amount of $235,000.00.

The proposed settlement resulted from hard bargaining as to the settlement's amount and mutual consideration of its structure. The parties believe the settlement appropriately balances the expenses, risks, and possible outcomes of protracted litigation. For the Plaintiff and the Opt-Ins, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all persons believed to have been affected by the alleged pay practices.

## II.     THE TERMS OF THE SETTLEMENT AND RELEASE OF CLAIMS

### A.     The Scope of Settlement

The proposed settlement will resolve all claims of Plaintiff Schaffer, and all overtime pay claims of the Opt-In Plaintiffs.

### B.     Certification of the Collective

FLSA plaintiffs and opt-ins must be "similarly situated" to proceed collectively under 29 U.S.C. 216(b). In assessing whether a putative collective action group is similarly situated, the

Court must analyze "(1) the factual and employment settings of the individual plaintiffs; (2) the different defenses to which the plaintiffs may be subject on an individual basis; and (3) the degree of fairness and procedural impact of certifying the action as a collective action." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir.2017).  Employees are similarly situated to each other when their claims "are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* at 398.

All Opt-Ins are similarly situated to Kimberly Schaffer because their factual and employment settings are identical with respect to the issues in this case.  All were behavioral health case managers, and Firelands classified all as salaried exempt at the time periods relevant to this action.  As a result, the potential defenses to each of Plaintiff's claims are also the same for the whole collective group.

Finally, as all parties jointly stipulated to certification, the fairness and procedural impact factor weighs in favor of allowing the case to proceed collectively.  The proposed certification and settlement offer an excellent recovery to all affected Opt-Ins and curtails this litigation and concomitant fees for Defendant.  *Declaration of Plaintiff's Counsel*, at Exhibit 3, ¶¶ 9, 10, 12.

### C. The Proposed Settlement Payments and Distributions

<u>Total Settlement Amount</u>.  Defendants have agreed to pay the total Settlement Amount of $235,000.00, within 30 days of this Court's approval of the proposed settlement.  The Settlement Amount, after deduction of a Service Award, Attorneys' Fees, and Reimbursed Litigation Expenses (the "Net Proceeds"), will be made available to the Plaintiff and the Opt-Ins in individual settlement payments as set forth in the Table of Settlement Awards and the Settlement Agreement.

<u>Method of Allocation</u>.  The proposed method of allocating the settlement payments is reasonable and fair to all.  The records produced in this litigation allowed the parties to estimate

damages with reasonable precision, and the Net Proceeds will be distributed in proportion to the actual damages as estimated by Plaintiff's counsel. According to those estimates, each Opt-In will receive well more than 100% estimated compensatory damages (i.e., unpaid overtime wages).

Service Award. The proposed settlement provides for a service award of $5,000 to Plaintiff Kimberly Schaffer in recognition of her assistance to Plaintiff's Counsel and her vital contribution to achieving the settlement on behalf of all Opt-Ins.

Attorneys' Fees and Cost Reimbursements. The proposed settlement includes a payment of $77,500.00 to Plaintiffs' counsel for attorneys' fees, and $1,054.00 for reimbursement of litigation costs.

### III. THE PROPRIETY OF APPROVAL

As to Plaintiff and the Opt-Ins, the settlement must qualify for Court approval under the FLSA, 29 U.S.C. § 216(b). The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the proposed settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012) (accord *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006)); *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The proposed settlement satisfies all of these prerequisites and standards for purposes of this settlement, as shown below.

#### A. The Settlement Is Fair, Reasonable, and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of settlement proceeds is equitable." *Kritzer*, 2012 U.S. Dist. LEXIS

74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group, LLC,* No. 4:09cv1608, 2010 WL 2490989, at *6 (N.D. Ohio June 15, 2010) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999))). *Accord*, *Kis,* 2020 U.S. Dist. LEXIS 93929, at *12.

In *Gascho v. Global Fitness Holdings, LLC*, 822 F. 3d 269 (6th Cir. 2016), the Sixth Circuit reaffirmed the seven-factor standard often used to evaluate whether a class settlement is "fair, reasonable, and adequate":

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

Id. at 276-77. (quoting *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Courts generally employ the same test in evaluating the propriety of an FLSA settlement. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20 (S.D. Ohio May 30, 2012). *See also Crawford v. Lexington-Fayette Urban County Government*, No. 06-299, 2008 U.S. Dist. LEXIS 90070, at *3 (E.D. Ky. Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)); *Thompson v. Seagle Pizza, Inc.*, 2022 U.S. Dist. LEXIS 81666, at *12 (W.D.Ky. May 4, 2022); *Burnham v. Papa John's Paducah, LLC*, No. 5:18-cv-112, 2020 U.S. Dist. LEXIS 75220, at *2 (W.D. Ky. Apr. 29, 2020)).

All factors weigh in favor of approval of the settlement of this case. With respect to the first factor, the parties are genuine adversaries and negotiated this settlement at arms-length with the assistance of a mediation facilitated by this Court. With regard to the second and fourth factors, litigating FLSA claims is always risky and uncertain, and Plaintiff would have to establish not

6

only Defendant's liability, which Defendant vehemently denies, but also the Opt-Ins' damages. With respect to the third factor, the parties engaged in adequate discovery to fully flesh out the strengths and weaknesses of their respective positions. With respect to the fifth factor, the proposed Settlement will eliminate the risk and delay of litigation and make settlement payments available to all. With respect to the sixth factor, as this settlement is opt-in only, there are no absent class members whose rights will be affected. Finally, with respect to the last factor, this settlement terminates this litigation and promotes the FLSA's remedial purposes. Thus, the settlement is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation").

  **B.**  <u>**The Settlement Payments Are Fair, Reasonable, and Adequate**</u>

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court should "ensure that the distribution of settlement proceeds is equitable." *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group, LLC,* No. 4:09cv1608, 2010 WL 2490989, at *6 (N.D. Ohio June 15, 2010) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999))). *Accord*, *Kis,* 2020 U.S. Dist. LEXIS 93929, at *12. In the present case, the proposed settlement will make individual settlement payments available to the Plaintiff and Opt-Ins according to a fair and reasonable method of allocation. The Opt-Ins will receive an excellent recovery, constituting their full actual damages, plus an amount that Plaintiff's counsel estimates is, at the very minimum, 50% of their liquidated damages utilizing all assumptions in their favor. The proceeds will be allocated in accordance with actual damages sustained by Opt-Ins as estimated and calculated by Plaintiff's counsel.

      C.      **The Proposed Service Award is Proper and Reasonable**

Reasonable service awards "are common in class action settlement[s] and [are] routinely approved for the simple reason 'to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group, LLC,* No. 4:09-cv-1608, 2010 WL 2490989, at *7). *Accord In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 373 (S.D. Ohio 1990). Service awards are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of the case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

In the present case, the proposed service award to Plaintiff is amply justified by her assistance to Plaintiff's Counsel and vital contribution to achieving the settlement on behalf of all Opt-Ins. *Declaration of Plaintiff's Counsel*, at Exhibit 3, ¶ 11.

      D.      **The Attorneys' Fees Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). *See Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994); *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

In the present case, the proposed payment of $77,500.00 for attorneys' fees and $1,054.00 for reimbursed litigation costs are reasonable. A fee of one-third is well in accord with fees routinely awarded in the Sixth Circuit. *See Dillworth v. Case Farms Processing, Inc.*, No.: 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *21 (N.D. Ohio Mar. 8, 2010) (study conducted by the

National Economic Research Associates found that "regardless of size, attorneys' fees average approximately 32% of [class action] settlement[s]"); *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) (citing the NERA study as "[t]he most complete analysis of fee awards in class actions conducted to date"). *See also Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) ("[o]ne-third of the common fund is a reasonable attorneys' fee award "and has been approved in similar FLSA collective actions in this judicial district.") (citing *Rotuna v. W. Customer Mgmt. Grp., LLC,* No. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912, at *7 (N.D. Ohio June 15, 2010)).

**IV. CONCLUSION**

For the reasons addressed above, the parties respectfully request that the Court enter the Proposed Approval Order, attached as Exhibit 1.

Respectfully submitted,

 /s/ Scott D. Perlmuter
SCOTT D. PERLMUTER (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Avenue
Cleveland, OH 44113
Phone:216-285-9991
Fax: 888-604-9299
Email: scott@tittlelawfirm.com

*Attorney for Plaintiff*

and

 /s/ Heidi N. Hartman
Carrie L. Urrutia (0073874)

9

        Heidi N. Hartman (0074293)
Elizabeth L. Bolduc (0096901)
EASTMAN & SMITH LTD.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Email: clurrutia@eastmansmith.com
Email: hnhartman@eastmansmith.com
Email: elbolduc@eastmansmith.com

*Attorneys for Defendant Firelands Regional Medical Center*

PROOF OF SERVICE

     I certify that on this December 5, 2024 the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

     *s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)