UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY SCHAFFER, on behalf of herself and all others similarly situated, ) | Case No. 3:23-cv-01415 |
| Plaintiff, ) | MAGISTRATE JUDGE DARRELL A. CLAY |
| vs. ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| FIRELANDS REGIONAL MEDICAL CENTER, ) | |
| Defendant. ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement and pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable the proposed settlement reached by the Parties and memorialized in the Collective Action Settlement Agreement and Release, which is attached to the Joint Motion as Exhibit 2.

Having reviewed the Joint Motion and its exhibits, the Collective Action Settlement Agreement, the Declarations of Scott Perlmuter, the Table of Settlement Awards, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Collective Action Settlement Agreement, the proposed service award to Kimberly Schaffer, the proposed allocation and calculation of payments, and the proposed attorneys' fees and expense reimbursements to Class Counsel as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and under Ohio state law, on behalf of current and former behavioral health case managers working for Firelands Regional Medical Center who were allegedly misclassified as

1

salaried exempt and thus not paid overtime compensation at the rate of one and one-half their regular rate of pay for all hours they allegedly worked over forty (40) each workweek.

2. On July 23, 2023, Plaintiff Kimberly Schaffer filed this Action as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 asserting violations of the FLSA and Ohio law of quasi-contract based on Defendant's alleged misclassification of behavioral health case managers resulting in a denial of overtime pay.

3. On December 8, 2023, the Parties stipulated to court-supervised notice to all current and former behavioral health case managers having worked for Defendant at any time since July 23, 2020.

4. Notice was issued to such individuals, and 12 more persons joined the lawsuit as Opt-In Plaintiffs.

5. Since the filing of this Action, the Parties engaged in the exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included an exchange of all relevant payroll and time records for Plaintiff and the Opt-Ins.

6. The Parties engaged in extensive factual and legal discussion and correspondence surrounding Plaintiff's theories, the propriety of class and/or collective action treatment, and Defendant's defenses.

7. On November 5, 2024, the Parties engaged in mediation before this Court and reached an agreement to settle the Action on the terms set forth in the Collective Action Settlement Agreement, which is attached to the Joint Motion as Exhibit 2.

8. The Settlement will cover Plaintiff Schaffer and the 12 Opt-Ins.

9. The Court finds that the proposed settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the

settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during mediation with the Court. Plaintiff's Counsel has informed the Court that he believes the settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff and the Opt-Ins. The Court has considered all relevant facts, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

10. The Court approves the settlement, including the terms of the Settlement Agreement, and orders that the settlement be implemented according to the terms and conditions of the Settlement Agreement and as directed herein. The Court grants final approval of the settlement.

11. The Court finds that the proposed allocation and calculation of the individual payments to Plaintiff and the Opt-Ins is reasonable and fair. The Court approves the method of calculation and proposed distribution of the individual payments.

12. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

13. The Court approves the payment of the additional Service Award to Plaintiff Schaffer, which constitutes an award for serving as the representative plaintiff in this Action and constitutes additional consideration for the promises made by Ms. Schaffer in the Settlement Agreement. Further, the Court orders that such service award payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The Court dismisses the claims of Plaintiff and the Opt-Ins with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Opt-Ins, and the distribution process.

**SO ORDERED:**

Date: December 6, 2024

Honorable Darrell A. Clay
United States Magistrate Judge